FILED
SUPERIOR COURT
OF GUAM

2021 AUG -6 AM 9: 07

CLERK OF COURT
BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| MORGAN AIKEN, III,<br><br>            Plaintiff,<br><br>vs.<br><br>CATHERINE M.R. CASTRO and EDWARD CASTRO,<br><br>            Defendants. | Superior Court Case No. <u>CV0084-19</u><br><br>**DECISION AND ORDER RE DEFENDANTS' MOTION FOR RECONSIDERATION, PLAINTIFF'S MOTION FOR RECONSIDERATION, AND DEFENDANTS' MOTION TO STRIKE** |

The Court here considers Defendants Catherine M.R. Castro and Edward Castro's Motion for Reconsideration and Plaintiff Morgan Aiken III's Motion for Reconsideration, both of which ask the Court to reconsider its February 16, 2021 Decision and Order re Defendants' Motion for Summary Judgment. The Court also considers the Castros' Motion to Strike Plaintiff's Response in Opposition to the Defendants' Opposition to Plaintiff's Motion. Having reviewed the parties' Motions and the applicable law, the Court DENIES the Castros' Motion to Strike; DENIES in part and GRANTS in part the Castros' Motion for Reconsideration; and DENIES Aiken's Motion for Reconsideration.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

### A. The Filing of the Present Complaint and Unlawful Detainer Action

This matter initially came before the Court on January 25, 2019, by way of Aiken's complaint alleging that the Castros breached a Rental Agreement entered into by the parties in November of 2018. Aiken, however, failed to serve the Castros with the complaint until July 23, 2019. In the interim, the Castros filed an unlawful detainer action against Aiken involving the

ORIGINAL

same Rental Agreement. *See Castro et al. v. Aiken et al.*, CV0244-19 (V. Compl. Unlawful

Detainer (Mar. 11, 2019)).

Following an evidentiary hearing, Magistrate Judge Jonathan R. Quan made the

following factual determinations:

> 1.      Plaintiffs, as Owner/Landlord, entered into a valid lease agreement with Defendants, as Tenants, for the property and residential home located at 230 Roy T. Damian Street, Mongmong, Guam 96910 (the "Premises").
>
> 2.      Defendant violated the following material terms of the lease: (a) that Tenant must maintain the Premises in clean, sanitary conditions, (b) that Tenant must pick up and dispose of dog waste daily; (c) that Tenant must park one vehicle in the carport and park the second vehicle on the grass lawn in front of the house. Tenant acknowledged that driveway is shared with Landlord/Owner and cannot be blocked at any time, (d) that Tenant must make the Premises available to Landlord/Owner or their representative for the purpose of making necessary repairs.
>
> 3.      Defendant was provided with proper notice of said violations pursuant to Title 21 Guam Code Annotated Chapter 21.

CV0244-19 (Judgment (Mar. 18, 2019)). Based on these determinations, Judge Quan granted the

Castros' action and ordered Aiken to vacate and deliver possession of the Premises to the Castros

in good condition. *Id.*

## B. Motion to Dismiss as Moot

After Aiken served the Castros with the Complaint in the present matter, the Castros

moved to dismiss under Guam Rule of Civil Procedure 12(b)(1). The Castros argued that, based

on the Judgment in CV0244-19, Aiken cannot obtain the relief sought. The Court denied the

motion on the grounds that the unlawful detainer action did not address Aiken's allegations

concerning the Castros' breach of the covenant of quiet enjoyment or breach of the leasing

agreement. The Court did note, however, that it could not grant some of the relief Aiken sought

because the unlawful detainer action ordered the Aikens to vacate the property. Specifically, it



could not award Aiken possession of the rented property in its entirety or order amendments to the parties' lease. Dec. and Order re Mot. to Dismiss (Nov. 22, 2019) (citing Compl. (Jan. 25, 2019)).

## C. Discovery Sanctions

On July 1, 2020, the Court granted the Castros' Motion to Compel Aiken to respond to their first set of interrogatories. Finding that the interrogatories sought discoverable information under Guam Rule of Civil Procedure 26, the Court ordered Aiken to disclose the information requested fully and completely by July 7, 2020. Aiken failed to do so, and, on September 15, 2020, the Court granted the Castros' Motion for Sanctions. The Court sanctioned Aiken under GRCP 37(c), barring him from presenting any information or documents at trial that he has not already filed with the Court or presented to the Castros. *See* Order Granting Motion for Sanctions (Sept. 15, 2020).

Upon reconsideration of the Court's Order sanctioning Aiken, the Court upheld its Order with the caveat that Aiken may present evidence submitted in the related proceeding, *Castro v. Aiken*, CV0244-19. The Court reasoned that due to the fact that Aiken is *pro se* and the Castros should be on notice of the evidence presented in CV0244-19, failure to disclose the information to the Castros in the present matter would be harmless. Dec. and Order re Pl. Mot. for Rec. of Sanctions (Apr. 27, 2021).

## D. Motion for Summary Judgment

The Castros also moved for summary judgment, arguing that, based on Aiken's pleadings and purported responses to interrogatories, no genuine issue of material fact existed as to any of Aiken's claims. The Court granted in part and denied in part the motion.

ORIGINAL

The Court found that Aiken had not presented sufficient evidence to establish a triable issue as to whether the Castros breached for not delivering the Premises in its entirety or as to whether the Castros prevented Aiken from using the Premises for the purpose he rented it for. As to whether the Castros delivered the property in its entirety, the Court found that the "as is" clause in the Rental Agreement excused the Castros from delivering the property free from the debris that Aiken claimed evidenced their breach. The Court also noted that the Rental Agreement provided that the time for Aiken to terminate the lease due to the Castros' failure to deliver the property in its entirety would have been within five days of the Commencement Date. As to whether the Castros prevented Aiken from using the Premises for the purpose he rented it for, the Court found that the Rental Agreement did not permit Aiken to create a parameter within the Premises to house his two dogs. Moreover, the Court reasoned that Aiken had not presented evidence that the Castros prevented him from storing his personal property.

The Court also found that Aiken's claims for reimbursement of past rental payments and the security deposit were pled in association with his claim that the Castros breached the Rental Agreement by failing to deliver the property in its entirety. Since the Court granted summary judgment on that cause of action, it dismissed the claims for damages. Moreover, the Court found that Aiken failed to establish a connection between a breach of the Rental Agreement and his claim for reimbursement for fees that he paid to repair a water leak on the Premises.

The Court, however, found summary judgment inappropriate for Aiken's claim that the Castros breached the lease agreement by failing to provide essential services--specifically, failing to repair a broken air conditioner. The Court noted that, under the Rental Agreement, repair and maintenance of the air conditioner was the responsibility of the Castros. The Court found that

ORIGINAL

Aiken's claims that the air conditioner was broken and that he made requests for the Castros to fix the air conditioner were sufficient to create an issue of material fact. Lastly, because the Rental Agreement provided that the prevailing party in any action arising out of the Rental Agreement may recover attorney fees, the Court also found that Aiken may still recover attorney fees if he succeeds at trial on his surviving causes of action.

### E. The Castros' Motion for Reconsideration

The Castros ask the Court to reconsider its denial of summary judgement on Aiken's claim that the Castros breached the implied covenant of quiet enjoyment by failing to provide essential services. Specifically, the Castros assert that the Court committed clear error in failing to consider the finding from the Judgment in CV0244-19 that Aiken violated the lease by failing to make the Premises available to the Castros or their representatives for the purpose of necessary repairs. They also claim that the Court ignored its Order Granting Motion for Sanctions in considering Aiken's claim that the Castros failed to repair the air conditioner when it was not alleged until four months after the Court's order. Lastly, the Castros argue that the Court erred in implying that it may award Aiken attorney's fees.

The Court notes that the Castros appear to construe Aiken's claim that the Castros breached the Rental Agreement by not providing essential services and his claim that they breached the implied covenant of quiet enjoyment as the same cause of action. The Court, however, construes the claims as separate. The claim that the Castros breached the Rental Agreement by not providing essential services--repairing the air conditioners--is a reference to Addendum No. 1 under the Rental Agreement. Under Addendum No. 1, repair and maintenance of the air conditioner was the responsibility of the Castros. A breach of the implied covenant of

ORIGINAL

quiet enjoyment, on the other hand, is "tied to breach of the covenant by eviction, which disturbs the tenant's right to undisturbed possession of the leased premises." *Ginsberg v. Gamson*, 205 Cal. App. 4th 873, 897–98 (2012). Accordingly, the Court treats these as two separate causes of action.

### F. Aiken's Motion for Reconsideration

Aiken asks the Court to reconsider the portions of its February 16, 2021 Decision and Order re Defendants' Motion for Summary Judgment that granted summary judgement in favor of the Castros--specifically, on Aiken's claims that the Castros failed to deliver the Premises in its entirety, that the Castros prevented Aiken from using the Premises for the purpose he rented it for, and for certain damages. Aiken argues that the Court committed error in its consideration of material facts presented to the Court.

### G. Motion to Strike

Lastly, the Castros ask the Court to strike Aiken's Response in Opposition to the Defendants' Opposition to Plaintiff's Motion ("Reply"). Specifically, they argue that Aiken's Reply is untimely because he filed it beyond the normal forty-two day time limit from the time that the Castros filed their Motion. Aiken argues that the CVR 7.1 Form 1 filed in association with his Motion indicates that the reply brief was due on May 7, 2021 and the time stamp on his Reply indicates that he filed it on May 7.

## II. LAW AND DISCUSSION

### A. Motion to Strike

The Court first turns to the Castros' Motion to Strike Aiken's Reply. The Castros argue that Aiken filed his reply fifteen days after the deadline prescribed by Local Rule of the Superior



Court of Guam CVR 7.1(d)(2). Under CVR 7.1(d)(2), a reply to the party's may be filed "within forty-two (42) days from the filing of the motion ...." Aiken filed his initial motion on March 11. In the accompanying CVR 7.1 Form 1 form, Aiken indicated that the reply brief is due on May 7. The Castros did not object to the date listed. Aiken subsequently filed his Reply on May 7.

While Aiken filed his Reply more than forty-two days after filing his initial motion, in Guam public policy favors the disposition of cases on their merits. *Lujan v. McCreadie*, 2014 Guam 19 ¶ 21. Since the Castros did not object to the date listed until after Aiken filed his Reply the Court does not find that the delay warrants diverting from the public policy of resolving the motion on the merits. Accordingly, the Court DENIES the Castros Motion to Strike.

## B. Motions for Reconsideration

The Court next turns to the parties' Motions for Reconsideration. Under CVR 7.1(i), a court may reconsider a prior order on the grounds of:

> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (2) the emergence of new material facts or a change of law occurring after the time of such decision, or, (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

CVR 7.1(i). In short, reconsideration may be granted where the trial court "(1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1 ¶ 10. A motion may not "simply reiterate in greater detail arguments previously made before the court." *Guam Bar Ethics Comm. v. Maquera*, 2001 Guam 20 ¶ 9 (quotations omitted).

## C. Castros' Motion for Reconsideration

The Castros first argue that the Court committed clear error in failing to consider the finding from the Judgment in CV0244-19 that Aiken violated the lease by failing to make the Premises available to the Castros or their representatives for the purpose of necessary repairs. Specifically, they argue that the finding establishes that the Castros satisfied their obligation under the rental agreement to repair the air conditioners; a fact that, if taken as undisputable, would be dispositive of Aiken's claim. In other words, the Court erred in not according Judge Quan's factual finding preclusive effect in this proceeding.

The Castros' argument turns on the effect that judicial notice of the factual finding in CV0244-19 has on the present matter. Guam Rule of Evidence 201 instructs when the Court may take judicial notice of adjudicative facts. Under GRE 201(b), "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." GRE 201(b);

The issue before the Court is whether the fact is reasonably subject to dispute. *See Sosinsky v. Grant*, 8 Cal. Rptr. 2d 552, 562 (1992) (citing Jefferson's *Evidence Benchbook* § 47.2 (2d ed.)) ("Judicial notice substitutes for formal proof only because the matters judicially noticed are not reasonably subject to dispute."). In discussing whether a judicial noticed fact from a separate proceeding is reasonably subject to dispute, California Courts have explained:

> While we have no quarrel with the fact that a judge, after hearing a factual dispute between litigants A and B, may choose to believe A, and make a finding of fact in A's favor, and while we have no quarrel that at some subsequent time it may be proper to take judicial notice that the judge did in fact make that particular finding in favor of A, the taking of judicial notice that the judge made a particular factual finding is a far cry from the taking of judicial notice that the

ORIGINAL

"facts" found by the judge must necessarily be the true facts, i.e. must necessarily be "the truth."

*Sosinsky v. Grant*, 8 Cal. Rptr. 2d 552, 561–62 (1992) (emphasis in original). In other words, while the Court may take judicial notice that Judge Quan did in fact make a particular finding in favor of the Castros, that does not equate to "taking of judicial notice that the 'facts' found by [Judge Quan] must necessarily be the true facts, i.e. must necessarily be 'the truth.'" *See Plumley v. Mockett*, 1051, 79 Cal. Rptr. 3d 822, 837 (2008) (citing *Sosinsky*, 8 Cal. Rptr. 2d at 552). As such, even if the Court does take judicial notice of the portion of the Judgment that Aiken failed to make the Premises available, it does not remove the issue as a subject of dispute.[1]

The Castros also argue that the Court erred in considering Aiken's allegation that they failed to repair the air conditioner because Aiken made the allegation after the Court sanctioned him. While this may be true, in its Decision and Order regarding the Aiken's Motion for Reconsideration of Sanctions, the Court held that Aiken may introduce evidence presented in CV0244-19. In the Castros' present Motion for Reconsideration, they allege that the parties raised the issue of repairing the air conditioner during the CV0244-19 evidentiary hearing. The Court finds no error in its consideration of Aiken's allegation that the Castros failed to repair the air conditioner. Accordingly, the Court DENIES the Castros' Motion for reconsideration on this issue.

---

[1] The proper legal mechanism for determining the preclusive effect of findings from a separate matter is through the concepts of res judicata or collateral estoppel. Under these theories a determination could be made "whether the issue was fully addressed and resolved." *See Plumley v. Mockett*, 1051, 79 Cal. Rptr. 3d 822, 837 (2008) (citing *Sosinsky*, 8 Cal. Rptr. 2d at 552). Here, the Castros have not presented an argument as to whether res judicata or collateral estoppel precludes Aiken from bringing a claim that they failed to provide essential services under the Rental Agreement.

The Court next turns to Aiken's claim that the Castros breached the implied covenant of quiet enjoyment. California courts have explained a cause of action for breach the implied covenant of quiet enjoyment as follows:

> The implied covenant of quiet enjoyment or possession may be breached in multiple ways. The claim has often been inextricably tied to breach of the covenant by eviction, which disturbs the tenant's right to undisturbed possession of the leased premises. If the landlord ousts the tenant, there is an actual eviction … If the landlord's acts or omissions affect the tenant's use of the property and compel the tenant to vacate, there is a constructive eviction … In either case, the tenant must vacate… Many courts have accordingly repeated the general premise that the covenant of quiet enjoyment is not broken until there has been an actual or constructive eviction….

*Ginsberg,* 205 Cal. App. 4th at 897–98.

Here, it is undisputed that the unlawful detainer action caused Aiken to vacate the Premises; he did not leave due to any disturbance to his quiet enjoyment. Since the tenant must vacate the leased premises in order to bring an action for breach of the implied covenant of quiet enjoyment, Aiken has not presented sufficient evidence to establish a triable issue on the claim. Accordingly, the Court GRANTS the Castros' motion for reconsideration on Aiken's claim that they breached the implied covenant of quiet enjoyment.

The Castros also argue that the Court committed clear error in finding that Aiken may recover attorney's fees. The Castros cite to the Ninth Circuit case *Hannon v. Security Natl. Bank,* 537 F.2d 327 (9th Cir. 1976), in support of their position. In *Hannon* a recent, but unlicensed, law school graduate succeeded in a case under The Truth in Lending Act in which he represented himself. *Id.* at 328. The Ninth Circuit found that, while the Truth in Lending Act does provide an award of attorney fees, the statute did not contain explicit language regarding compensation

ORIGINAL

for non-attorney services. *Id.* at 328-329.   Absent such language the Ninth Circuit held that he was not entitled to attorney's fees. *Id.* at 329.

The Court also finds that the California Supreme Court case *Trope v. Katz,* 11 Cal. 4th 274 (1995), instructive.  In *Trope,* a *pro se* litigant sought attorney fees and costs for an action brought under a contract that included the following provision: "In the event it becomes necessary to file an action to recover the fees and costs set forth in this agreement, the Court may award reasonable attorneys' fees for the recovery of said fees and costs." *Id.* at 278.  The California Supreme Court held that a *pro se* litigant may not recover attorney's fees in an action to enforce a contract containing an attorney fee provision. *Id* at 294.  In doing so, the *Trope* court reasoned that a *pro se* litigant "does not pay or become liable to pay consideration in exchange for legal representation cannot recover 'reasonable attorney's fees ...' as compensation for the time and effort he expends on his own behalf. *Id.* at 292.

Here, under the Rental Agreement the parties included such a provision in Paragraph 37 with the language "[i]n any action or proceeding arising out of this Agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney fees and costs...." Since, this language does not include explicit language regarding compensation for non-attorney services, the Court finds the reasoning in *Hannon* and *Trope* persuasive.  As a *pro se* litigant, Aiken has not paid or incurred any liability to pay consideration in exchange for legal representation.  Accordingly, the Court finds that Aiken cannot recover attorney fees or costs for his efforts in litigating this matter and GRANTS the Castros' Motion for Reconsideration on the issue of whether Aiken may recover attorney fees.[2]

_____

[2] The Court notes that *Trope* involved an analysis of whether California Civil Code section 1717 authorized an award of attorney fees for *pro se* litigants.  Section 1717 provides: "In Any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded

ORIGINAL

### D. Aiken's Motion for Reconsideration

Turning to Aiken's Motion for Reconsideration, the Court does not find that Aiken has presented sufficient grounds to overturn the Court's granting of summary judgment on his claims. First, Aiken does not address the fact that he agreed in the Rental Agreement to take possession of the Premises "as is." Rather, he reiterates that the Castros' failed to remove debris on the Premises and asserts that the Court drew inferences from the evidence of the debris in favor of the Castros. Second, Aiken does not address that he agreed in the Rental Agreement that his dogs must be kept on a leash and within the confines of the property at all times. Moreover, he does not point to any additional evidence before the Court establishing that the Castros' prevented him from storing his personal property.

As to Aiken's claim regarding the security deposit, the Court granted summary judgment on the grounds that Aiken sought reimbursement of the security deposit as damages for his claim that the Castros breached the lease by not delivering the property in its entirety. The Court based its interpretation that he sought reimbursement of the security deposit on his August 11, 2020, pleading titled "1. Pretrial Brief." In that pleading Aiken included "Return of Security Deposit " under the category "Remedies Sought by Plaintiff."

Aiken now asserts that the Castros breached the Rental Agreement by not returning the security deposit and/or providing him a signed close-out of the lease agreement which includes a list of expenditures. Reply and Mot. Reconsideration in Opp. to Dec. and Order Re Defs.' Mot.

---

either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." While Guam does not have a statute similar to section 1717, 7 GCA § 26601(f) provides that "the measure and mode of compensation of attorneys and counselors at law is left to the agreement, expressed or implied, of the parties." Since section 26601 defers to the contracting parties and the contract provision before the Court mirrors section 1717, the Court finds the reasoning in *Trope* applicable.

ORIGINAL

Summary J. (Mar. 11, 2021). Aiken presents this theory for the first time in his motion for reconsideration. Since reconsideration of a motion cannot be used to advance new theories, the Court does not find that Aiken has presented sufficient grounds for reconsideration. *See Ward*, 1998 Guam 1 ¶ 13. Accordingly, the Court DENIES Aiken's Motion for Reconsideration.

## III. CONCLUSION

The Court GRANTS the Castros' Motion for Reconsideration as to Aiken's request for attorney's fees and Aiken's claim that the Castros breached the implied covenant of quiet enjoyment. The Castros' Motion is DENIED on the issue of breach as it relates to failure to repair the air conditioner. The Court also DENIES the Castros' Motion to Strike. Finally, the Court DENIES Aiken's Motion for Reconsideration.

Having resolved these motions, the Court also DENIES Aiken's July 15, 2021 Motion to Extend Response Date in Opposition to Defendants' Reply in Support of Defendants' Motion for Reconsideration.

SO ORDERED this 6th day of August 2021.

HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

Morgan

Hemlani 8/6/4

Date: Joseph Bamba, Jr.

Deputy Clerk, Superior Court of Guam

Appearing Parties:
Morgan Aiken, III, Plaintiff, pro se
Minakshi V. Hemlani, Esq., Law Offices of Minakshi V. Hemlani, P.C., for Defendants Catherine
      M.R. Castro and Edward Castro


ORIGINAL